## CONNECTICUT GENERAL LIFE INS. CO. v. ROBINSON.

### No. 3530.

Court of Civil Appeals of Texas. Beaumont.

Dec. 1, 1939.

Rehearing Denied Jan. 10, 1940.

John G. Tucker and Orgain, Carroll & Bell, all of Beaumont, for appellant.

Tom C. Stephenson and D. E. O'Fiel, both of Beaumont, for appellee.

O'QUINN, Justice.

This is a suit on a group insurance policy seeking to recover for total and permanent disability. Appellee, Robinson, filed the suit against appellant on June 28, 1934, alleging that he was entitled to recover in the sum of $2,250 by virtue of a group policy issued by appellant to the Gulf Oil Corporation and which covered the employees of the Gulf Refining Company at Port Arthur, Texas, and that he was an employee of such company and covered by said policy.

Appellant answered by general demurrer, various special exceptions and general denial, and specially that the policy under which appellee sought to recover contained a provision for proof of loss by appellee, and that such provision was a prerequisite to a recovery and that appellee had failed to comply with said requirement, and so not entitled to recover. This answer was duly verified.

Appellant, at the close of the evidence, requested an instructed verdict in its favor which was refused. The case was then submitted to a jury upon special issues in answer to which they found, among other things, that appellee became totally disabled some time prior to November 17, 1931, and that such total disability became permanent at some time between June 25, 1930, and November 17, 1931. On the findings of the jury judgment was rendered for appellee in the sum of $2,250 with six per cent interest from January 1, 1932. Motion for a new trial was overruled, and the case is before us for review.

There is no question as to the issuance of the insurance policy, or that appellee was covered by same as long as he was an employee of the Gulf Refining Company, or as to the amount appellee would receive, if he was entitled to recover.

The policy contained this provision: "The Connecticut General Life Insurance Company * * * hereby agrees, on receipt of due proof of death, or of permanent total disability as hereinafter defined occurring before age 60, of any employee of Gulf Oil Corporation or any of its subsidiary companies to pay the sum specified in the following schedule, provided such death occurs or permanent total disability begins while the employee is covered under the terms of this policy." According to the schedule of amounts disclosed by the policy, if appellee was entitled to recover, the amount sued for was correct under the terms of the policy.

Appellant's first three assignments assert error in the court's refusal to direct a verdict in its favor for in that the insurance policy under which appellee sought to recover, provided, as a prerequisite to recovery, that due proof of total and permanent disability should be made by appellee, and such proof not having been made, its request for an instructed verdict should have been granted.

Appellant insists that due proof of total and permanent disability was not made by appellee, while he insists that he fully complied with such requirement and made such proof.

The definition of "total and permanent disability" referred to in the policy and proof of loss reads: "If said total disability began before age 60, and presumably will during his life prevent the employee from pursuing any occupation for wages or profit * * * he shall be deemed to be totally and permanently disabled within the meaning of this policy."

The proof of total and permanent disability offered by appellee was upon a blank furnished by appellant. It was received by appellant December 24, 1931. It contained the statement of Dr. Beyt who was the family physician of appellee, and who had examined and treated him. In this statement or proof of loss, the following questions and answers appear:

Question No. 9: "Is the insured absolutely and totally disabled and in your opinion will he be permanently, continuously and wholly prevented for life from pursuing any and all gainful occupations?" A. "No."

Question No. 10: "If this disability will not be permanent, approximately when do you think claimant might be able to take up some useful work?" A. "Now. However he is not altogether well."

The proof of loss was signed by both appellee and Dr. Beyt. The original was in evidence, and no attack is made on it to show that it was in any way not correct. It did not show appellee to be totally and permanently disabled to work, but showed to the contrary that he was not totally and permanently disabled, and was at the time the instrument was executed, then able to work. Proof of total and permanent disability to work being a prerequisite to a recovery, and the proof offered not showing such disability, the court should have granted appellant's motion for an instructed verdict.

What we have said renders other assignments immaterial. It follows that the judgment should be reversed and here rendered for appellant, and it is so ordered. Reversed and rendered.

### On Motion for Additional Findings of Fact.

Appellee, Ben Robinson, has filed request for additional findings of fact, stating the substance of such desired findings. After due consideration, we find as follows:

1. The insurance policy involved was issued by the Connecticut General Life Insurance Company on November 12, 1918.

2. The policy did not contain any provision that if due proof of loss was not made as provided in the policy, such failure to make proof of loss would forfeit the policy.

3. As stated in our opinion, the proof of loss was furnished by appellee Robinson to the insurance company on a blank furnished by appellant, and received by it on December 24, 1931. The policy required that due proof of loss be made. The proof submitted made and signed by Robinson and his physician Dr. Beyt was: Question No. 9: "Is the insured absolutely and totally disabled and in your opinion will he be permanently, continuously and wholly prevented for life from pursuing any and all gainful occupations?" Dr. Beyt answered this "No." Question No. 10: "If this disability will not be permanent, approximately when do you think claimant might be able to take up some useful work?" Dr. Beyt answered this "Now. However he is not altogether well." This proof of loss was signed by both Robinson and Dr. Beyt.

4. After receiving this proof of loss appellant did not offer to appellee any objection to the sufficiency of the proof of loss. It treated it as no proof of loss.

5. Appellee, Robinson, filed his suit June 28, 1934, and appellant filed its answer November 5, 1934. Appellee filed his Fourth Amended Original Petition October 27, 1936. Appellant filed its First Amended Original Answer on October 27, 1936, consisting of a general demurrer and general denial, and specially that the policy under which appellee sought to recover contained a provision for the making of due proof of loss by appellee, and that such provision was a prerequisite to a recovery and that appellee had failed to comply with said provision of the policy,

and so not entitled to recover. This answer was duly verified. The case was tried on these pleadings.